ESTATE OF LIZZIE M. RANSBOTTOM, BY CLARE R. BROWN AND RUTH R. BROWN, EXECUTRICES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109290. Promulgated June 28, 1944.

*E. B. Graham, Esq.*, for the petitioners.
*John H. Pigg, Esq.*, for the respondent.

### OPINION.

HARRON, *Judge*: The facts in this proceeding have been submitted under an agreed statement of facts and the stipulation is incorporated herein by reference.

The respondent originally determined a deficiency in estate tax in the amount of $8,337.98. At the hearing in this proceeding, respondent submitted a recomputation of the deficiency, under which he now asserts that there is a deficiency in the amount of $1,693.30 only.

Petitioners are the appointed executrices of the estate. The estate tax return was filed with the collector for the eleventh district of Ohio. The decedent was a resident of Zanesville, Ohio, at the time of her death.

The question arises under section 812 (c) of the Internal Revenue Code, as amended by section 407 (a) of the Revenue Act of 1942, the pertinent part of which is set forth hereinafter.

The facts material to an understanding of the issue are as follows: Decedent's husband, Frank M. Ransbottom, died testate on February 28, 1937, a resident of Zanesville, Ohio. He is referred to hereinafter as the prior decedent. His wife, Lizzie M. Ransbottom, the decedent, was the sole beneficiary of his estate. She died, testate, on March 4, 1940, within five years after the death of her husband.

The value of the gross estate of the prior decedent, as finally determined for Federal estate tax purposes, was $162,386.79, and the value of the net estate, exclusive of exemptions, was $82,157.04. The value of decedent's gross estate for Federal estate tax purposes is $144,-724.58. Included in the gross estate of the decedent are certain securities and real estate having a value of $113,086.75. These assets were received by the decedent from her husband's estate. In determining the value of the estate of the prior decedent, it was determined that these assets had an aggregate value of $105,173.75.

In the estate tax return filed for the estate of the prior decedent, deductions were claimed for mortgages and liens in the aggregate amount of $54,777.78. These deductions were allowed by respondent in his determination of the estate tax liability of the estate of the prior decedent. Included in the amount of $54,777.78 were the following items of secured indebtedness:

Promissory note of husband dated January 1, 1936, payable to John Ransbottom, in the face amount of $10,000, on which the amount due at the husband's death was_____ $10,000.00

Promissory note of husband dated January 2, 1937, payable to First National Bank, Zanesville, Ohio in the face amount of $19,650, on which the balance due at the date of the husband's death was_____ $19,089.67

The promissory note of January 1, 1936, in the face amount of $10,000, was secured by 62½ shares of Ransbottom Brothers Investment Co. common stock of a par value of $100 per share. The aggregate value of these shares, as finally determined by respondent and included by him in the gross estate of the prior decedent, was $1,875. The aggregate value of the shares as determined by respondent and included by him in the gross estate of decedent was $2,145.

The promissory note dated January 2, 1937, in the face amount of $19,650, was secured by 307¼ shares of Charminel Hotel Co. common stock of the par value of $100 per share, and 10 shares of First National Bank, Zanesville, Ohio, stock of the par value of $100 per share. The aggregate value of these shares, as finally determined and included by respondent in the gross estate of the prior decedent, was $6,608.75, and the aggregate value thereof as finally determined and included in the gross estate of decedent was $9,750.

The secured indebtedness in the total amount of $29,089.67 was paid in full prior to decedent's death from the proceeds of the sale of property owned by decedent's husband at the time of his death other

than the collateral as set forth above, which was held intact and delivered to decedent, who held the same at the time of her death.

Petitioners contend that, for the purpose of computing the allowable net deductions for property previously taxed, they are entitled to use the value of the assets received by decedent from the estate of the prior decedent, which as finally determined for the purpose of computing the estate tax of the prior decedent was $105,173.75. Respondent contends that this amount should be reduced by the sum of $29,089.67 representing the amount of the secured indebtedness of the prior decedent which was paid prior to the death of the decedent. Respondent bases his contention upon the following provision of section 812 (c) of the code:

Where a deduction was allowed of any mortgage or other lien in determining the * * * estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this paragraph shall be reduced by the amount so paid.

Respondent points out that the Ransbottom Brothers Investment Co. common stock, the Charminel Hotel Co. common stock, and the First National Bank stock were subject to a lien of $29,089.67, which sum was allowed as a deduction in computing the estate tax of the prior decedent. Respondent argues that, since that lien was paid prior to the death of the decedent, the deduction for property previously taxed must be reduced by the amount so paid. He argues that such result is required by the express words of the statute and that it is immaterial that the value of the collateral at the time of the husband's death was less than the outstanding indebtedness which it secured.

Petitioners contend that the quoted provision of section 812 (c) of the Internal Revenue Code is inapplicable. They argue that the deduction of $29,089.67 allowed to the prior estate was not a deduction for a mortgage or lien, but was allowed as general indebtedness of the estate. They also claim that the statute does not apply, since "the liens were not released by any act of the beneficiary but were canceled by virtue of the fact that the executors of the prior estate paid off the indebtedness before the prior estate was settled and before the beneficiary came into possession."

We think petitioners' contentions are not in accord with either the facts or the plain language of the statute, and, therefore, must be rejected.

The purpose of section 812 (c) is to avoid a double estate tax within five years on the same specific items of property identifiable as having been received by the decedent by bequest, devise, or inheritance from the estate of an earlier decedent. *Commissioner* v. *Garland*, 136 Fed. (2d) 82. However, the statute requires that the allowable deduction

must be reduced by the amount of any mortgage or other lien allowed as a deduction in computing the estate tax of the prior decedent. As pointed out in *Bahr* v. *Commissioner*, 119 Fed. (2d) 371; certiorari denied, 314 U. S. 650, the language used is adapted to one or more particular pieces of property specifically given or inherited.

In this proceeding, the decedent received the specific shares of the Ransbottom Brothers Investment Co. common stock, the Charminel Hotel Co. common stock, and the First National Bank stock which were taxed to the prior decedent's estate. These shares, however, were subject to a lien of $29,089.67, and the executors of the estate of the prior decedent took a deduction in this amount on the estate tax return under schedule L, entitled "Mortgages and Liens." These liens were paid in full prior to the decedent's death. Under these circumstances, the unambiguous language of section 812 (c) requires that the "deduction allowable," which the parties agree is in the amount of $105,173.75, must be reduced by the $29,089.67, which was allowed to the estate of the prior decedent as a deduction for liens. We are not unmindful of the fact that the value of the collateral was substantially less than the amount of the indebtedness and that if such indebtedness was not secured, petitioners would have been entitled to use the amount of $105,173.75 in computing the net allowable deductions. However, since the wording of the statute is clear and unambiguous, we are not at liberty to enlarge by judicial construction a provision restricting the amount of a deduction. In this situation, we must apply the statute as it is written. Accordingly,

Reviewed by the Court.

> *Decision will be entered that there is a deficiency of $1,693.30 in estate tax.*